IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| G. DANIEL MITCHELL and JOYCE L. MITCHELL,<br><br>Plaintiffs,<br><br>vs.<br><br>CHRISTOPHER B. SWARTLEY, as successor Trustee to Sterling Title Services, and DOES 1-20 INCLUSIVE, jointly and severally,<br><br>Defendants. | CV 13-254-M-DLC<br><br>ORDER<br><br>**FILED**<br>JAN 23 2014<br>Clerk, U.S District Court<br>District Of Montana<br>Missoula |

Plaintiffs G. Daniel and Joyce Mitchell ("Mitchells") seek remand of this case to state court based on lack of subject matter jurisdiction, alleging specifically that there is no federal question for this Court to resolve. Defendant Christopher B. Swartley, as successor Trustee to Sterling Title Services, responds that the Mitchells' motion to remand should be denied because: (1) this Court has jurisdiction due to the fact that the Mitchells' complaint implicates a substantial issue of federal law; and (2) the interests of judicial economy, fairness, and avoidance of conflicting rulings support denial of the motion.

The Mitchells also seek reasonable attorneys' fees and costs associated with the motion to remand this action.

1

The Mitchells' motion will be granted because the Defendant has not met his burden to establish that removal to federal court is proper. However, the Court declines to award attorneys' fees and associated costs.

## I. Background

In July, 2012, the Mitchells filed suit in this Court against multiple defendants, including SunTrust Bank ("STB") and SunTrust Mortgage ("STM"), alleging, essentially, that a deed of trust they entered into in 2005 was void and unenforceable ("Federal case"). The Court found that all of Mitchells' claims failed as a matter of law, granted the Defendants' motion to dismiss the Mitchells' Amended Complaint, and dismissed the case on May 7, 2013. (CV 12-127-M-DLC, Doc. 93.) The Court denied the Mitchells' request for reconsideration on July 8, 2013. The Mitchells then filed their notice of appeal with the Ninth Circuit on July 29, 2013. The parties' appellate mediation is scheduled for February 17, 2014, and the Mitchells' appellate brief is due in March of 2014.

After the Federal Case was dismissed, STB, as beneficiary under the deed of trust[1] appointed Christopher Swartley – Defendant in the instant case – as the

---

[1] As discussed below, the identity of the proper beneficiary under the deed of trust is disputed in the instant case.

2

successor trustee by filing a substitution of trustee in the office of the clerk and recorder for Flathead County. Pursuant to STB's instructions, Swartley filed the Notice of Sale Under Deed of Trust on August 20, 2013, setting the sale for January 7, 2014.

Meanwhile, the Mitchells filed the instant action on or about November 15, 2013 in the Montana Eleventh Judicial District. The complaint was filed to enjoin the Trustee-Defendant from conducting the scheduled foreclosure sale on two grounds: (I) void notice of sale under Montana's Small Tract Financing Act ("SFTA"); and (II) because the deed of trust on which Trustee is proceeding is the subject of the Mitchells' pending appeal of the Federal case. Defendant removed the instant case to this Court on November 26, 2013, and the Mitchells filed their motion to remand on December 3, 2013. The sale is currently scheduled for February 6, 2014, pursuant to this Court's order of December 16, 2013. (Doc. 10.)

## II. Discussion

### A. Removal & Remand

"[R]emoval statutes are strictly construed against removal." *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). "The presumption against removal means that the defendant always has the burden of establishing that removal is proper." *Moore-Thomas v. Alaska Airlines, Inc.*,

3

553 F.3d 1241, 1244 (9th Cir. 2009). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir.1979)).

Defendant based his removal of this action on the premise that this Court has subject matter jurisdiction pursuant to 29 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States") – most commonly referred to as "federal question jurisdiction," or "arising under" jurisdiction.

Under the well-pleaded complaint rule, a federal question must be present on the face of the complaint. *Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1040 (9th Cir. 2003). This rule "severely limits the number of cases in which state law 'creates the cause of action' that may be initiated in or removed to federal district court." *Id.* (quoting *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for California*, 463 U.S. 1, 9–10 (1983)).

Additionally, a plaintiff "may not avoid federal jurisdiction by omitting from the complaint allegations of federal law that are essential to the establishment of the claim." *Id.* (quoting *Hansen v. Blue Cross of Cal.*, 891 F.2d 1384, 1389 (9th Cir. 1989). Under this artful-pleading doctrine, removal is proper where a

claim is "necessarily federal in character . . . or where the right to relief depends on the resolution of a substantial, disputed federal question." *Id.* (citations omitted). Courts should "invoke the doctrine only in limited circumstances as it raises difficult issues of state and federal relationships and often yields unsatisfactory results." *Id.* (internal quotation marks and citations omitted).

Defendant concedes that Plaintiffs do not plead any federal causes of action (Doc. 11 at 8), but claims that the instant action is "unavoidably federal in character," and argues that the disputed federal question in this case appears on the face of the Mitchells' complaint, "namely the propriety of the Dismissal Order issued in the Federal Case, as the Mitchells' state law claims effectively amount to a challenge of the Dismissal Order brought in a state forum." (Doc. 11 at 7.) Defendant goes on to argue that "the applicability of the Dismissal Order and actions taken by the Trustee in conformity with the Dismissal Order – actions that form the basis of the New Action – are inextricably embedded with state-law claims contained in the New Action." (Doc. 11 at 7–8.) While the Court agrees that the Federal case and the instant case are related, there is simply not sufficient overlap to justify the Court's exercise of subject matter jurisdiction.

Count I of the Plaintiff's complaint relates not to the validity of the deed – which was the subject of the Federal case – but to whether the notice of sale issued

as the result of this Court's dismissal of the Federal case was proper. At the heart of Claim I is a dispute Plaintiffs raise over the identity of the deed of trust's proper beneficiary, and the resulting implications for the foreclosure sale under Montana law – the Small Tract Financing Act ("STFA"). Specifically, Plaintiffs claim that Sun Trust is not the proper beneficiary, and that since the notice of sale names it as such, the notice is void pursuant to STFA. It is true that resolution of this Claim will require the adjudicating court to review the deed of trust on the narrow question of the proper beneficiary's identity, just as this Court was required to do when it resolved the distinct issues presented in the Federal case. However, the fact that the two actions hinge on the same document does not create sufficient overlap to create federal jurisdiction. This Claim simply does not implicate the issues litigated in the Federal case, nor does it implicate this Court's decision in that case. In addition to the divergent subject matter between the two actions, Claim I of the instant action also has a different temporal element in that it relates to the notice of sale, which occurred after this Court's dismissal of the Federal case.

Finally, this state law claim does not amount to a challenge to this Court's order dismissing the Federal Claim, either on its face, or in effect. A state court ruling in the Plaintiff's favor on Claim I – holding that the notice of sale was

invalid because Sun Trust was not the proper beneficiary – would not contradict or affect in any way this Court's dismissal of the Federal case. Defendant has failed to meet its burden to establish that Claim I is sufficiently federal in character, or that it is based on state law claims that turn on substantial questions of federal law.

Claim II, although captioned "Void Deed of Trust," does not "specifically seek a declaration that the deed of trust is void" (Doc. 11 at 8). The Court interprets Claim II, as clarified by Plaintiffs' briefing, as the basis for Plaintiffs' requested relief that the adjudicating court enjoin Defendant from selling or otherwise depriving Plaintiffs of the property until the appeal of the Federal case is resolved. While the Plaintiffs maintain their position that the deed of trust is void despite this Court's opinion to the contrary, they do not request the court adjudicating the instant action to weigh in on that subject, but merely to delay the sale until the Ninth Circuit has the opportunity to do so.

In his notice of removal, Defendant states that, "Whether the Mitchells prevail on their appeal is a question of federal law." (Doc. 1 at ¶ 5.) Defendants do not directly address or provide support for this argument in their response brief. The Court is highly dubious of the implication that, in the context of removal, federal jurisdiction can be premised on the fact that a Federal district court's decision is on appeal, or on a Plaintiff's request to enjoin a Defendant until that

appeal is resolved. On this point, there is considerable doubt as to the Court's jurisdiction – certainly enough to meet the low bar required for the Court to remand this case.

As with Claim I, in Claim II, the Plaintiffs are not asking the adjudicating court to rule on the issues and claims addressed by this Court that are now before the Ninth Circuit. A ruling in favor of the Plaintiff on Claim II would merely result in an injunction preventing Defendants from proceeding with the sale until the appeal is resolved. Claim II does not raise a federal claim, nor is it unavoidably federal in character.

Defendants next argue that removal was proper in that it serves the interests of judicial economy, fairness, and avoidance of conflicting rulings. As an initial matter, as established above, the claims and remedies sought in the new action are distinct from those raised in the Federal case, and as such, they do not create the possibility of conflicting rulings. While this Court has expended significant resources resolving the Federal case, the new action, while based on similar subject matter, is not sufficiently similar that it will create duplicative efforts or a multiplicity of litigation. Remanding this case will not harm judicial economy, at least not to the degree this Court believes is required to overcome the strong presumption in favor of remand.

Defendants have not met their burden to establish that this Court has subject matter jurisdiction over this matter and that removal was proper. Accordingly, the Court will remand this case to state court.

## B. Attorneys' Fees

Plaintiffs move for attorneys fees and costs, arguing that there was no reasonable basis to remove this case. An order remanding a case to state court may require payment of just costs and any actual expenses, including attorneys' fees, incurred as a result of the removal. 28 U.S.C. § 1447(c). Granting of fees and costs upon remand is left to the court's discretion, as there is neither a presumption for nor against it statutorily. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140–141 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked any objectively reasonable basis for seeking removal. Conversely, when a objectively reasonable basis exists, fees should be denied." *Id.* at 141.

There was an objectively reasonable basis for removal here. Although Defendant has not met his burden to establish that removal was proper and that this Court has subject matter jurisdiction, the instant case is sufficiently related to the Federal case, and Defendants argument as to judicial economy are reasonable

in light of the underlying facts. The Court will not award fees or costs.

### III. Conclusion & Order

IT IS ORDERED that Plaintiffs' motion for remand (Doc. 3) is GRANTED, and that this case is REMANDED to the Eleventh Judicial District for the State of Montana.

IT IS FURTHER ORDERED that because this Court does not have jurisdiction over this matter, the pending motions in this case (Docs. 8 and 16) are DENIED as moot.

Dated this 23rd day of January, 2014.

/s/ Dana L. Christensen

Dana L. Christensen, Chief Judge
United States District Court